J. R. OWEN v. SALVATION ARMY, INC., AND ROYAL INDEMNITY COMPANY OF NEW YORK.

(Filed 23 April, 1930.)

**Principal and Surety B a—In this case held: cause of action was stated against surety on bond for private construction.**

Where a surety bond for the erection of a building indemnifies the owner against loss for the failure of the contractor to perform his contract, the owner's allegation in his pleading against the surety that the contractor had failed to perform his contract and that he was damaged in a certain sum thereby is sufficient to state a cause of action against the surety, and its demurrer thereto was properly overruled, there being no stipulation in the bond that the owner should complete the contract as a condition precedent to recovery.

APPEAL by defendant, the Royal Indemnity Company of New York, from order of *McElroy, J.,* at February Term, 1930, of the Superior Court of GUILFORD County. Affirmed.

On 3 July, 1928, plaintiff, J. R. Owen, and defendant, Salvation
Army, Inc., entered into a contract in writing, by which plaintiff agreed
to make certain additions to a building owned by defendant in the city
of Greensboro, and defendant agreed to pay to plaintiff, upon his com-
pletion of said additions in accordance with said contract, a stipulated
sum of money.   Plaintiff agreed to furnish the labor and material re-
quired for the construction of said additions.

Plaintiff alleges in his complaint that he has fully performed his part
of said contract; that defendant has made certain payments to him on
account of said contract, and that there is now due him by defendant on
account thereof the sum of $11,716.29.

This action is for the recovery by plaintiff of a judgment against the
defendant, Salvation Army, Inc., for the sum of $11,716.29, and interest,
and for other relief.

Defendant in its answer to the complaint denies that plaintiff has
fully performed his contract with the defendant, and therefore denies
that it is indebted to plaintiff as alleged in the complaint.

As ground for affirmative relief, defendant alleges in its further
answer, that plaintiff has failed to perform his contract with defendant,
as specified therein, and that defendant has suffered damages by reason
of such failure, in the sum of $2,342.86.

Defendant demands judgment that plaintiff recover nothing in this
action, and that defendant recover of the plaintiff, and of the Royal
Indemnity Company, the surety on the bond, filed by him as required
by his contract, the sum of $2,342.86.

On motion of the defendant, Salvation Army, Inc., the Royal In-
demnity Company of New York, was made a party to the action, and
thereafter the said defendant filed its complaint against the said Royal
Indemnity Company of New York.

On 30 July, 1928, the plaintiff, J. R. Owen, as principal, and the
Royal Indemnity Company of New York, as surety, executed a bond in
the sum of $15,000, payable to the defendant, Salvation Army, Inc., con-
ditioned among other things for the faithful performance by the prin-
cipal of his contract with the obligee, Salvation Army, Inc., dated
3 July, 1928.

In its complaint against the Royal Indemnity Company of New
York, filed in this action, the defendant, Salvation Army, Inc., alleges:

"4. That plaintiff failed and refused to perform said contract as he
agreed to do.   He failed to furnish the materials of the type and quality
which he agreed to furnish, and failed and refused to perform said
work according to the plans and specifications in many respects, and by
reason thereof this defendant was damaged by the plaintiff in the sum
of $2,403.25, as this defendant is advised and believes.

"5. That after giving the plaintiff all credits to which he was entitled, the plaintiff is still indebted to this defendant in the sum of $2,342.86, as this defendant is advised and believes, and this defendant is informed and believes that the defendant, the Royal Indemnity Company of New York, is by reason of said bond, liable to this defendant for said sum."

From the order overruling its demurrer in writing, duly filed to the complaint of the defendant, Salvation Army, Inc., the Royal Indemnity Company of New York appealed to the Supreme Court.

*King, Sapp & King, and Thos. J. Hill for Salvation Army, Inc.*

*Hobgood & Vinson and James MacClamroch, Jr., for Royal Indemnity Company of New York.*

CONNOR, J. The bond executed by the plaintiff, J. R. Owen, as principal, and by the Royal Indemnity Company of New York, as surety, and payable to the defendant, Salvation Army, Inc., as obligee, contains clauses as follows:

"Whereas the principal has by means of a written agreement dated 3 July, 1928, entered into a contract with the owner for additions and alterations to Salvation. Army Building at 520 South Elm Street, Greensboro, N. C., in accordance with plans prepared by M. L. Alberton, designer, a copy of which agreement is by reference made a part hereof:

Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor and materials, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

The allegation in the answer or cross-complaint, which is admitted by the demurrer, that the principal in said bond has failed to perform his contract with the obligee, with the result that the obligee has suffered damages in the sum of $2,342.89, is sufficient to constitute a cause of action on which the obligee is entitled to recover of the principal and the surety in said bond. There is no allegation in the complaint of a breach of the bond for which the surety would be liable only as an indemnitor; the absence of such allegation, however, does not render the cross-complaint demurrable. Where there is an allegation in the complaint of a breach of the bond, resulting in damages to the obligee, for

which the surety is liable not as an indemnitor, but as a surety, such allegation is sufficient to constitute a cause of action against both the principal and the surety. In the instant case, there is no provision in the bond or in the contract which requires that the owner shall complete the contract, upon the default of the contractor, as a condition precedent to recovery in an action on the bond. There was therefore no error in the order overruling the demurrer. The order is

Affirmed.